FILED

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

2021 MAR 10 AM 11:46

# UNITED STATES DISTRICT COURT
for the

Middle District of Florida

OCALA Division

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FL
OCALA FLORIDA

TERRY D. Broadie
_____
**Plaintiff(s)**
*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-v-

Federal Bureau of Prison
_____
**Defendant(s)**
*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)*

Case No. 5:21-cv-144.NPM.PRC
*(to be filled in by the Clerk's Office)*

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

- **Name:** Terry D. Broadis
- **All other names by which you have been known:** Terry
- **ID Number:** 11099-007
- **Current Institution:** USP #2 Coleman
- **Address:** P.O. Box 1034
  - City: Coleman
  - State: FL
  - Zip Code: 33521

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

**Defendant No. 1**
- **Name:** Federal Bureau of Prison
- **Job or Title (if known):**
- **Shield Number:**
- **Employer:**
- **Address:** 846 N.E. 54th Terrace
  - City: Coleman
  - State: FL
  - Zip Code: 33521
- [ ] Individual capacity  [x] Official capacity

**Defendant No. 2**
- **Name:**
- **Job or Title (if known):**
- **Shield Number:**
- **Employer:**
- **Address:**
  - City:  State:  Zip Code:
- [ ] Individual capacity  [ ] Official capacity

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

Defendant No. 3
- Name
- Job or Title *(if known)*
- Shield Number
- Employer
- Address

City    State    Zip Code

☐ Individual capacity    ☐ Official capacity

Defendant No. 4
- Name
- Job or Title *(if known)*
- Shield Number
- Employer
- Address

City    State    Zip Code

☐ Individual capacity    ☐ Official capacity

## II.   Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.   Are you bringing suit against *(check all that apply)*:

☑ Federal officials (a *Bivens* claim)

☐ State or local officials (a § 1983 claim)

B.   Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

C.   Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

8th Amendment

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

28 U.S.C. (33)(Federal question)

## III. Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- [ ] Pretrial detainee
- [ ] Civilly committed detainee
- [ ] Immigration detainee
- [x] Convicted and sentenced state prisoner
- [ ] Convicted and sentenced federal prisoner
- [ ] Other *(explain)* _____

## IV. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

N/A

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.

Continued beginning on Page #10

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

**C.** What date and approximate time did the events giving rise to your claim(s) occur?

See Page # 12

**D.** What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

See Page # 12

## V. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive. Feeling Very Weak, Tired, Blurred Eye Sight, Diarrhea, Trouble Sleeping, Sweat At Night, Dizziness, Throwing up, Cramping, Discombobulated, on going hypo/hyperglycemia

Violation of My Constitutional Rights

## VI. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

See Page

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## VII. Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☑ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

USP Coleman #2

B. Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☑ Yes

☐ No

☐ Do not know

C. Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☑ Yes

☐ No

☐ Do not know

If yes, which claim(s)?

All

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D.  Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☐ Yes
☑ No

Requested but NEVER Received NECESSARY forms

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes
☑ No

E.  If you did file a grievance:

1. Where did you file the grievance?

   N/A

2. What did you claim in your grievance?

   N/A

3. What was the result, if any?

   N/A

4. What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

   N/A

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

F. If you did not file a grievance:

1. If there are any reasons why you did not file a grievance, state them here:

   Because I repeatedly submitted requests for Administrative Remedy forms, but they were not provided to me.

2. If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

   Continue on Page

G. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes
☑ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes
☑ No

B. If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit
   Plaintiff(s) _____N/A_____
   Defendant(s) _____N/A_____

2. Court *(if federal court, name the district; if state court, name the county and State)*
   _____N/A_____

3. Docket or index number
   _____N/A_____

4. Name of Judge assigned to your case
   _____N/A_____

5. Approximate date of filing lawsuit
   _____N/A_____

6. Is the case still pending?
   ☐ Yes
   ☐ No
   If no, give the approximate date of disposition. _____N/A_____

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*
   _____N/A_____

C. Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

☐ Yes

☐ No

*N/A*

D. If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit
   Plaintiff(s) _____ *N/A* _____
   Defendant(s) _____

2. Court *(if federal court, name the district; if state court, name the county and State)*

   *N/A*

3. Docket or index number

   *N/A*

4. Name of Judge assigned to your case

   *N/A*

5. Approximate date of filing lawsuit

   *N/A*

6. Is the case still pending?

   ☐ Yes

   ☐ No

   If no, give the approximate date of disposition _____ *N/A* _____

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   *N/A*

## IX. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: March 8, 2021

Signature of Plaintiff: *[signed]*
Printed Name of Plaintiff: TERRY D. BROADIE
Prison Identification #: 11099-007
Prison Address: P.O. BOX 1034
COLEMAN, FL 33521

### B. For Attorneys

Date of signing: _____

Signature of Attorney: N/A
Printed Name of Attorney:
Bar Number:
Name of Law Firm:
Address:
City / State / Zip Code:
Telephone Number:
E-mail Address:

Plaintiff Terry Broadie suffers from a form of diabetes. It requires specialized medical care. Diabetes is a metabolic condition that makes it difficult to control blood sugar. According to defendant Bureau Of Prisons ("BOP") policies and procedures and community standards of care, blood sugar control is the goal of Plaintiff's diabetes management. Therefore, Plaintiff's blood sugar should remain between 70 and 180 milligrams per deciliter ("mg/dl"). If his blood sugar is ever outside that range, he becomes hypoglycemic, or has low blood sugar, or he becomes hyperglecemic, which means that he has high blood sugar. When Plaintiff is thus hypoglycemic or hyperglycemic, he is put at a substantial risk of serious future harm, including loss of consciousness, diabetic ketoacidosis, kidney failure, blindness, stroke, heart failure, coma and imminent death.

The Plaintiff's experience at USP Coleman #2 with blood sugar control has been injuriously problematic and as a result he suffers from worsening diabetic neuropathy (a form nerve damage that can lead to decreased blood flow, ulcers, chronic infections, and death), almost daily

12

hypoglycemia (a life threatening condition), and frequent hyperglycemia (a painful condition).

Plaintiff requires proper medication, diet, and exercise to control his blood sugar.

Plaintiff does not receive a diabetic diet nor any diet specific to his medical condition. He instead receives a regular, standard meal given to all USP-2 inmates and which is clinically inappropriate for a diabetic (high in carbohydrates, sugars, low in protein, fried foods, etc.) Plaintiff has requested but been denied a diabetic diet.

Plaintiff must possess sufficient medical supplies including a glucometer, lancets, and test strips to check his blood sugar along with glucose gel tubes, but often fails to receive replenishment of such from the BOP forcing plaintiff to be unable to properly monitor his ability to manage his blood sugar.

BOP medical staff members, including Venuto Herrera-Alzate and John Doe, assess the effectiveness of Plaintiff's medication and other aspects of his diabetes management during

(13)

Chronic care appointments. According to BOP policies and procedures, Plaintiff should receive at least quarterly chronic care appointments because of his diabetes, lack of blood sugar control and his diabetic complications. At most, Plaintiff receives one such appointment a year. Furthermore, during these infrequent appointments Dr. Venuto fails to address plaintiff's complaints about problems managing his diabetes.

On such problem is diet, a major life activity. The community standards of care require plaintiff eat a consistent amount of carbohydrates at each meal and have a means to identify the amount of carbohydrates in each food item in his meals, which is known as carbohydrate counting. Defendants provide no means of counting carbohydrates to plaintiff. In fact, the USP-Coleman #2 meals are inconsistent with BOP's own nutritionist approved national menu.

According to community standards of care, Plaintiff must eat in accordance with a set meal time schedule. According to such standards plaintiff should receive his meals within 45 minutes of receiving his insulin. Defendants never deliver

(14)

meals within 45 minutes of insulin or vice versa. Defendants failure of coordination between morning and evening meals and insulin and denial of insulin timely causes plaintiff substantial harm and puts him at substantial risk of serious harm (hypoglycemia or hyperglycemia). This denial also limits plaintiff ability to eat, which has substantial risk of serious future harm including loss of consciousness, diabetic ketoacidosis, kidney failure, blindness, stroke, heart failure, coma, and imminent death. The officers vary on meal times ranging from 7:30am some days while 10:30am others, lunch and dinner vary as such as well.

According to community standards of care plaintiff must exercise in order to manage his diabetes but he can only do so when his exercise is coordinated with his meals and medications. If this coordination is lacking, exercise causes plaintiff's blood sugar to dip to a dangerously low level. BOP staff allow, at most, 12 to 14 hours of out of cell exercise a week. This time also must be used for all plaintiff's access to showers, telephones, e-mail, law library access, library access, television viewing, and other staff mandated activities. USP Coleman #2 is known among its inmates for

its frequent "lockdowns" which are initiated daily for routine reason (i.e., institutional counts) and random but frequently invoked causes ranging from "fog counts", "bedbook counts", "staff recall", and a multitude of frequent unexplained daily lockdowns which on average reduce the out of cell time by 6 to 8 hours a week.

According to BOP policies and procedures, defendants Cheatham, Antonelli and Taylor are in charge of identifying the BOP medical staff vacancies or other complications which negatively impacts the quality of prisoner's medical care. These individuals general understaffing combined with a refusal to address the animus, hostility and retaliation by medical staff who target plaintiff and others who have complained about medical care has led to a delay and denial of medical care to plaintiff.

Because of his inability to manage his blood sugar plaintiff has had frequent bouts of hypoglycemia which have resulted in numerous instances of neuroglycopenia and loss of consciousness. Despite plaintiff's dependence on BOP policies and procedures which mandate that a BOP physician being called when a person with diabetes is suffering from hypoglycemia, a physician has

(16)

never been called.

In addition, the delay and denial of adequate medical care causes plaintiff to refrequently suffer from hyperglycemia, which can lead to a life-threatening medical condition—diabetic ketoacidosis—a very painful medical condition that can lead to death. Plaintiff suffers from hyperglycemia multiple times a week. However, when plaintiff presses his emergency call button in his cell, or verbally alerts custody staff, medical staff fail to respond or delay their examination of plaintiff until his next chronic care appointment (months away at times).

(17)



U.S. District Court
207 NW Second St., Room 337
Ocala, FL, 34475-6603

Terry Broadie MOT1-001
U.S. Penitentiary #2 Coleman
PO Box 1034
Coleman FL 33521

U.S. D
207 N
Ocala,

Legal Mail